IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN 15 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

LISA GREGORY, on behalf of herself
and all others similarly situated,

    **Plaintiffs,**

v.                                                        CIVIL ACTION NO. 2:12cv11

BELFOR USA GROUP, INC.,

    **Defendant.**

## *MEMORANDUM ORDER*

Before the Court is Defendant Belfor's Motion to Strike certain portions of Plaintiff Lisa Gregory' Declaration, Plaintiff's Memorandum in Support of the Motion to Conditionally Certify a Fair Labor Standards Act ("FLSA") Collective Action and to Authorize Notice to be Issued to the Class ("Motion to Conditionally Certify"), and Plaintiff's Reply to the Motion to Conditionally Certify, pursuant to Rule 12(f) of the Federal Rule of Civil Procedure. For the reasons set forth herein, Plaintiff's Motion to Strike is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 5, 2012, Plaintiff Lisa Gregory ("Gregory") filed a Complaint against Defendant Belfor USA Group, Inc. ("Belfor"), alleging that Belfor violated provisions of the FLSA by failing to pay Plaintiff, and others similarly situated to her, for certain wages. Compl. ¶ 1. Plaintiff's action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and specifically, the FLSA's collective action provision, 29 U.S.C. § 216(b). Belfor employed Gregory as an administrative assistant, and in other positions with substantially similar duties, between August

1, 2006 and June 29, 2011. Compl. ¶¶ 17-19. Gregory alleges that during her period of employment with Belfor, she routinely worked more than forty hours per week and that Belfor failed to pay her for these additional hours. Compl. ¶¶ 20-21. On February 6, 2012, Joyce Guarducci filed her consent to join the lawsuit as a plaintiff. ECF. No. 13. On February 14, 2012, Belfor filed its Answer, in which it denied violating the FLSA and stated that Gregory was not entitled to compensation for overtime because she was exempt from the FLSA. Answer ¶¶ 1, 21, 24. On March 6, 2012, Gregory filed a Motion to Conditionally Certify a FLSA Collective Action and to Authorize Notice to be Issued to the Class. Belfor filed its Memorandum in Opposition to the Motion to Conditionally Certify on March 19, 2012. On March 26, 2012, Gregory filed her Reply to Belfor's Opposition to the Motion to Conditionally Certify ("Reply"). On May 24, 2012, Belfor then filed a Motion to Strike certain portions of Gregory's Declarations, the Motion to Conditionally Certify, and the Reply. The Motion to Strike is fully briefed and ripe for judicial determination.

## II. LEGAL STANDARD

A Motion to Strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

By its language, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted).

Only material included in a pleading may be subject to a motion to strike; thus, a party may not attack motions, briefs, memoranda, objections, and affidavits with this motion. 2 Moore's Federal Practice § 12.37[2] (Matthew Bender 3d ed. 2012); *see also Sum of $66,839.59 v. IRS*, 119 F. Supp. 2d 1358, 1359 (N.D. Ga. 2000) (stating that, since a "motion to strike is only appropriate with regard to a pleading and an affidavit is not a pleading . . . the motion to strike [the] affidavit is procedurally improper. Rather . . . the proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony."); *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, No. 05-2401, 2008 WL 2569418, at *1 (D.D.C. June 24, 2008) ("The document that plaintiff seeks to strike is not a pleading and is therefore not subject to being stricken upon the application of a party.").

Further, "[t]he standard upon which a motion to strike is measured places a substantial burden on the moving party." *Cameron v. MTD Products, Inc.*, No. Civ.A.5:03 CV 75, 2004 WL 3256003, at *2 (N.D. W. Va. Jan. 7, 2004). Usually a motion to strike requires a showing that denial of the motion would prejudice the moving party. *United States v. Gwinn*, No. 5:06-cv-00267, 2006 WL 3377636, at *1 (S.D. W. Va. Nov. 20, 2006). Moreover, "[a] motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993).

### III. DISCUSSION

Belfor seeks to strike certain assertions contained within Gregory's Declaration, the Memorandum in Support of the Motion to Conditionally Certify, and the Reply. Specifically, Belfor alleges that Gregory's deposition testimony contradicts certain statements in her submissions to this Court relating to her personal knowledge of the duties of other potential class members and the extent of her interactions with Belfor's Chief Executive Officer, Sheldon

Yellen. Gregory counters that Belfor's assertions are both inaccurate and not appropriately addressed on a motion to strike.

Based on the aforementioned legal standards, Belfor's Motion to Strike is procedurally improper. The matters Belfor seeks to strike are contained within documents that are not "pleadings," as that term is defined in Rule 7(a) of the Federal Rules of Civil Procedure. Further, even if the Gregory's statements were properly subject to a motion to strike, Belfor has not demonstrated that the matters are "insufficient defense[s]" or "redundant, immaterial, impertinent, or scandalous," and thus, adequately addressed in a motion to strike. *See* Rule 12(f). To the contrary, the factual assertions that Belfor seeks to strike are relevant to Gregory's Motion to Conditionally Certify, and they are clearly in dispute. Moreover, Belfor has failed to show how it would be prejudiced by inclusion of the disputed assertions. Therefore, the Court finds it inappropriate to strike any portions of Gregory's Declaration, the Memorandum in Support of the Motion to Conditionally Certify, or the Reply. Accordingly, Belfor's Motion to Strike is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Belfor's Motion to Strike is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
June 15, 2012

4