IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

JUL 26 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

LISA GREGORY, on behalf of herself
and all others similarly situated,

        **Plaintiff,**

v.                                                CIVIL ACTION NO. 2:12cv11

BELFOR USA GROUP, INC.,

        **Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff's Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and to Authorize Notice to be Issued to the Class ("Motion to Conditionally Certify"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b). For the reasons set forth herein, Plaintiff's Motion to Conditionally Certify is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Belfor USA Group, Inc. ("Belfor") is a corporation engaged in providing disaster recovery and property restoration services to businesses in the Commonwealth of Virginia. Compl. ¶ 16. Belfor employed Plaintiff Lisa Gregory ("Gregory") as an administrative assistant and then office manager between August 1, 2006 and June 29, 2011. Compl. ¶¶ 17-18. Gregory alleges that during her period of employment with Belfor, she routinely worked more than forty hours per week and that Belfor failed to pay her for these additional hours. Compl. ¶¶ 20-21.

On January 5, 2012, Gregory filed a Complaint against Belfor, alleging that Belfor violated provisions of the FLSA by failing to pay Gregory, and others similarly situated to her, for lawfully owed wages. Compl. ¶ 1. Plaintiff's action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and specifically, the FLSA's collective action provision, 29 U.S.C. § 216(b). On January 26, 2012, Joyce Guarducci signed a consent form to join the lawsuit as a plaintiff, and this form was filed with the Court on February 6, 2012. ECF. No. 13. On February 14, 2012, Belfor filed its Answer, in which it denied violating the FLSA and stated that Gregory was not entitled to compensation for overtime because she was exempt from the FLSA. Answer ¶¶ 1, 21, 24. On March 6, 2012, Gregory filed a Motion to Conditionally Certify. Belfor filed its Memorandum in Opposition to the Motion to Conditionally Certify on March 19, 2012. On March 26, 2012, Gregory filed her Reply to Belfor's Opposition to the Motion to Conditionally Certify ("Reply"). On May 24, 2012, Belfor then filed a Motion to Strike certain portions of Gregory's Declarations, the Motion to Conditionally Certify, and the Reply ("Motion to Strike"). The Court denied the Motion to Strike on June 15, 2012. The Motion to Conditionally Certify is fully briefed and ripe for judicial determination.[1]

## II. LEGAL STANDARDS

The FLSA "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston et. al. v. URS Corp. et al.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). The FLSA allows a plaintiff alleging a violation of the statute to bring suit on her own behalf or on behalf of other employees who are similarly situated. *See* 29 U.S.C. § 216(b). Section 216(b) of the FLSA expressly provides for the procedures for representative or class actions as follows:

---

[1] While the Court notes that Defendant has requested a hearing in this matter, the Court declines to hold a hearing because the facts and legal contentions are presented adequately in the materials before the Court, and argument would not aid in the decisional process.

2

> An action to recover the liability prescribed . . . [under the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to . . . [a collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.* Thus, class certification under the FLSA requires: "(1) that the Plaintiffs in the class be 'similarly situated,' and (2) that the plaintiffs included in the class 'opt in' by filing with the Court their consent to the suit." *Choimol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006).

The FLSA does not define "similarly situated" and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has not yet applied a standard for when plaintiffs are similarly situated in the context of an FLSA class certification action. *Choimol*, 475 F. Supp. 2d at 562. However, federal courts, including this Court, have developed a two-step analysis for establishing "similarly situated" plaintiffs and granting conditional certification. *Id.* The first step is the notice stage, where "the district court decides whether to provide initial notice of the action to potential class members." *Id.* If the court decides to notify the class, potential plaintiffs may opt-in to the action. "[T]his determination is made using a fairly lenient standard," because the court, and the parties, have minimal evidence at this point in the proceedings. *Id.* (citations omitted). In general, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988), *aff'd in part*, 862 F.2d 439, 444 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). "Because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action . . . courts have concluded that the objectives to be served through a collective action

3

justify the conditional certification of a class of putative plaintiffs early in a proceeding, typically before any significant discovery, upon an initial showing that the members of the class are similarly situated." *Houston*, 591 F. Supp. 2d. at 831.

On the other hand, the "similarly situated" requirement is not "invisible." *Houston*, 591 F. Supp. 2d. at 831 (citing, *inter alia, Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002)) ("Mere allegations will not suffice.")). "There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *Id.* This Court, in *Houston v. URS Corporation*, has explained this standard as follows:

> That is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member. Rather, the inquiry is whether the presence of common issues allows the class-wide claims to be addressed without becoming bogged down by individual differences among class members. In this regard, courts have observed that the requirements for class certification of a collective action under FLSA are similar, but not identical, to those that pertain to certification of a class under Fed. R. Civ. P. 23.

*Id.*

Further, the district court has discretion to "facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to potential plaintiffs, or by some other appropriate action." *Choimol*, 475 F. Supp. 2d at 563 (quoting *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001)); *Houston*, 591 F. Supp. 2d. at 832. "This discretion is not unfettered; the court must assess 'whether this is an appropriate case in which to exercise [its] discretion.' " *Houston*, 591 F. Supp. 2d. at 832 (citing *Camper v. Home Quality Management Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)) (alteration in original). Ultimately, "[t]he plaintiff has the burden on [sic] demonstrating

4

that notice is 'appropriate.'" *Houston*, 591 F. Supp. 2d. at 832 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

If the court grants conditional certification of the class, the case proceeds to the second step, provided the defendant files a motion to decertify, typically after discovery is almost complete. *Id.* (citations omitted). "Upon a determination that the plaintiffs establish the burden of proving they are 'similarly situated[,]' the collective action proceeds to trial." *Id.* By contrast, "if the court determines that the plaintiffs are in fact, not 'similarly situated[,]' the class is decertified and the original plaintiffs proceed on their individual claims." *Id.*

### III. DISCUSSION

#### A. Motion to Conditionally Certify an FLSA Collective Action

Plaintiff Gregory moves this Court to conditionally certify the following opt-in class:

> All individuals who worked for Belfor as Administrative Assistants or Office Managers at any time during the three years prior to the filing of the Complaint in this matter.

Mem. Supp. Mot. Conditionally Certify at 1-2. In support of this motion, Gregory argues that she has demonstrated sufficiently that she has met the "similarly situated" standard. Gregory has submitted a declaration, as well as the declaration of Joyce Guarducci, in which both plaintiffs allege that they and others similarly situated to them were required to work overtime without pay while employed at Belfor. Specifically, both Gregory and Guarducci state that they performed strictly administrative tasks as Administrative Assistants and, for Gregory, as an Office Manager. Gregory and Guarducci allege that when they began their respective periods of employment with Belfor, it was with the understanding that they would be paid a specific annual salary to compensate them for working forty hours per week. They further allege that they were required to work more than forty hours per week consistently and that Belfor provided them with cell phones to work after office hours and on weekends. Gregory also alleges that, during certain

especially busy periods, Belfor paid for Gregory to stay in a hotel near the office so that she could work more hours. Gregory states that she complained repeatedly to her manager about the fact that she was not receiving additional compensation for overtime. In response, Gregory's manager allegedly told her that he was working to address this issue and that he would "take care" of her.

Gregory and Guarducci further allege that Belfor's central Human Resources department, which is headquartered in Birmingham, Michigan, handles payroll and is responsible for determining an employee's entitlement to overtime compensation. In support of this allegation, Gregory and Guarducci assert in their declarations that, in their capacities as Administrative Assistants for Belfor, they sent partially-completed "New Hire and Information Checklists" for new hires to Belfor's Human Resources department. According to Gregory and Guarducci, the central Human Resources department then designated employees as "Exempt" or "Non-exempt" under the FLSA. Gregory further asserts that when she contacted Belfor's Human Resources department, Shannon Harrison informed Gregory that she was classified as "Administrative Exempt" under the FLSA. Both Gregory and Guarducci affirm that they also encountered other Administrative Assistants and Office Managers employed at Belfor whose duties were similar to theirs, who were subject to the same payroll and timekeeping practices, policies, and procedures, who worked more than forty hours per week without overtime compensation, and whose compensable work time was not recorded.

In response to Gregory and Guarducci's allegations, Belfor argues that conditional certification should not be granted for the following reasons: (1) Belfor does not have a corporate-wide description for Office Managers or Administrative Assistants; (2) Belfor does not have a corporate-wide practice or plan which identify the duties of Administrative Assistants or

Office Managers; (3) Belfor does not have a corporate-wide practice of classifying Administrative Assistants or Office Managers as exempt or non-exempt; and (4) the duties of each Administrative Assistant and Office Manager, and thus, their FLSA classification, are determined by local management in over one hundred offices. Alternatively, Belfor contends that, if the Court grants the Motion to Conditionally Certify, Gregory's proposed notice to the opt-in class is inappropriate and should not be adopted by the Court.

The Court's concern at this first stage is whether Gregory has met her burden under the "similarly situated" analysis, wherein plaintiffs "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Choimol*, 475 F. Supp. 2d at 564 (citations omitted). The Court finds that Gregory and Guarducci have made the requisite showing for conditional certification under the "stage one" analysis. First, while Gregory, Guarducci, and others similarly situated worked at different Belfor locations, they allege that they all have performed strictly administrative tasks as Administrative Assistants and/or Office Managers. Moreover, they allege that they were required to work more than forty hours per week without compensation on a consistent basis. Gregory and Guarducci have submitted declarations in support of these allegations. Second, Gregory and Guarducci assert that the mechanism Belfor employed to deprive them of their overtime pay was to misclassify them as "Exempt" when in fact they should not have been so classified. In effect, Gregory and Guarducci argue that Belfor's common policy or plan was to misclassify as "Exempt" certain Administrative Assistants and Office Managers with strictly administrative duties and, in so doing, to deny them lawfully owed wages.

On the other hand, Belfor proffers counter-examples of Administrative Assistants and Office Managers whose duties allegedly varied from Gregory's and Guarducci's. Belfor denies that Gregory and Guarducci were misclassified as "Exempt" but argues that even if they were, local management in Belfor's many offices made these decisions, not Belfor's central Human Resources department. In these ways, Belfor denies both the existence of similarly situated employees and a common plan or policy of denying overtime wages to said employees. Belfor further argues that its lack of a corporate-wide job description for Administrative Assistants or Office Managers means that the circumstances of each plaintiff – and consequently, each manager's decision to classify them under the FLSA – need to be assessed on an individualized basis such that class certification is inappropriate.

However, Belfor's arguments against conditional certification are unavailing, especially in light of the lenient standard by which courts should assess these motions. Belfor's contentions amount to factual disputes between the parties that go to the merits of Plaintiffs' case, where, for example, the parties are asserting that different actors at Belfor make the FLSA classification decision. Moreover, the requirement of a common plan or policy "is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member." *Houston*, 591 F. Supp. 2d at 831; *see also Choimol*, 475 F. Supp. 2d at 563 ("...[T]he Court will examine whether the Plaintiffs 'raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical.' ") (citations omitted).

Moreover, at this stage, the Court declines Defendant's invitation to "engage in resolving factual disputes, decide substantive issues going to the merits of the case, or make credibility determinations." *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, slip op. at *16 (E.D. Va. Jan. 3, 2012) (Report and Recommendation of United States Magistrate Judge), *aff'd*, No. 2:11cv344, slip op. at *2-*3 (E.D. Va. Feb. 13, 2012) (Order Adopting United States Magistrate Judge's Report and Recommendation). These factual disputes should be addressed at the second stage of certification, should Belfor move for decertification of the class following discovery. *See, e.g., Houston*, 591 F. Supp. 2d at 832. Further, Belfor's denial of a common plan or policy to misclassify certain Administrative Assistants and Office Managers under the FLSA "should not be conflated into a failure by Plaintiffs to identify any such policies." *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1240 (S.D. Ala. 2008). To the contrary, Belfor's submissions to the Court demonstrate that there are other Administrative Assistants and Office Managers who were classified as "Exempt" under the FLSA, notwithstanding that there may be other Administrative Assistants and Office Managers who were classified as "Non-exempt." At this stage, the Court simply is not in a position to determine whether Plaintiffs were properly classified. *See, e.g., Houston*, 591 F. Supp. 2d at 834-35 ("At this stage in the proceedings, this Court is not in a position to determine the applicability of this exemption, nor is it necessary to do so prior to conditionally certifying a class. The applicability of this exemption and its effect on the Court's ability to adjudicate Plaintiffs' claims on a class basis is most appropriately addressed on summary judgment or in a motion to decertify.").

In sum, Plaintiffs have alleged sufficient facts to make the requisite showing both that there are other potential plaintiffs similarly situated to Gregory and Guarducci and that Belfor has a common plan or policy of denying these employees overtime wages by misclassifying

them as "Exempt" under the FLSA. *See, e.g.*, *Houston*, 591 F. Supp. 2d at 834 (granting motion for conditional certification under the FLSA where plaintiffs alleged misclassification under the FLSA); *Black v. Settlepou, P.C.*, No. 3:10–CV–1418-K, 2011 WL 609884 (N.D. Tex. Feb. 14, 2011) (granting conditional class certification where the only common policy allegedly in violation of the FLSA was the misclassification of paralegals as "exempt"). Accordingly, Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action is **GRANTED**.

### B. Notice to Prospective Class Members

Plaintiffs submitted a proposed notice to be sent to the opt-in class as part of their Motion to Conditionally Certify. *See* Mot. Conditionally Certify, Ex. 1. Belfor has objected to the proposed notice on several grounds, including that the parties have not conferred to agree on the language of said notice. *See* Mem. Opp'n Mot. Conditionally Certify at 21-23. Belfor also proposes a thirty-day opt-in period. *Id.* at 21-22. In response to Belfor's objections, Plaintiffs assert that the proposed notice is sufficient under the law, and they also request a ninety-day opt-in period. *See* Reply Mem. Opp'n Mot. Conditionally Certify at 21-23. However, Plaintiffs are amenable to conferring with opposing counsel regarding the language of the proposed notice. *See id.* The Court believes that a mutually-agreeable form of notice to potential members of the class would be most appropriate in this case. Accordingly, the parties shall provide the Court with a joint proposed form of notice for approval by this Court.

### IV. CONCLUSION

**IT IS ORDERED** that pursuant to 29 U.S.C. § 216(b), a Conditional Class Certification and Notice under the FLSA is **GRANTED** for the named Plaintiffs to include the following employees in the collective action:

> All individuals who worked for Belfor as Administrative Assistants or Office Managers at any time during the three years prior to January 5, 2012.

10

**IT IS FURTHER ORDERED** that the Defendants shall provide to Plaintiffs' counsel the names, last known mailing addresses, home and/or mobile phone numbers, and email addresses of all potential members of the conditionally certified class within fifteen (15) days of the date of this Order.

**IT IS FURTHER ORDERED** that, within fifteen (15) days of the date of this Order, the parties shall submit an appropriate protective order specifying that the potential class members' names, home/email addresses, and phone numbers are to be used and distributed only for effecting notice of this litigation.

**IT IS FURTHER ORDERED** that within fifteen (15) days of the date of this Order the parties shall provide the Court with a joint proposed form of notice to potential members to be approved by the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall circulate notices of pendency and consent to joinder to all potential members of the conditionally certified class.

**IT IS FURTHER ORDERED** that, if necessary, the parties are granted leave for sixty (60) days from the date of this Order to conduct limited discovery solely on the issue of 29 U.S.C. § 216(b) class certification; the parties shall immediately confer and stipulate to any relevant disputed facts in order to tailor the scope of and the need for discovery; and the parties shall also confer with the Court with respect to the determination of scope and parameters of such discovery.

**IT IS FURTHER ORDERED** that any consents to joinder in this action by which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than sixty (60) days after either the date that this Court approves the form of notice to the class or the date that Defendant provides to Plaintiffs' counsel the names,

last known mailing addresses, home and mobile phone numbers, and email addresses of all potential members of the conditionally certified class, which ever date is later.

**IT IS FURTHER ORDERED**, to facilitate settlement, that Plaintiffs shall provide Defendant with the number of unpaid overtime hours allegedly owed Plaintiffs, if known, with supporting documentation, if any, no later than September 15, 2012.

**IT IS FURTHER ORDERED** that the parties shall participate in a settlement conference on a date to be determined by the Court.

**IT IS FURTHER ORDERED**, that the filing of all dispositive motions are **STAYED** until further order of this Court.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July 26, 2012